[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF EDWARD COLLINS, M.D.
In the above-captioned case, the plaintiff physicians assert that the defendant Anthem Health Plans, Inc. ("Anthem") has breached its agreements with them in various ways, including, inter alia, failing to pay them for services in timely fashion, arbitrarily denying payment for services, failing to maintain adequate administrative services, and failing to communicate its procedures adequately.
On October 24, 2000, Anthem served plaintiff Edward Collins with interrogatories and requests to produce documents. Dr. Collins responded on January 18, 2001. Dr. Collins filed no objection to any of the discovery requests. Anthem complains that the responses are incomplete and seeks an order compelling Dr. Collins to comply. The specific claims of noncompliance are set forth and ruled upon below.
1. Failure to identify persons with knowledge of claims
Many of Anthem's interrogatories, specifically, subparts (b) of 1-21 and 25, asked this plaintiff to identify all persons with knowledge of particular claims made in the complaint. Dr. Collins identified one such person, his office manager. In his November 18, 2002, response to the motion to compel, he identified eleven additional such persons. Presumably, he intends to supplement in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
The court has no way of determining that this plaintiff has failed to include all persons with knowledge of the facts at issue. If indeed there are additional such persons known to him, Dr. Collins takes the very real risk that he will be barred from presenting such additional witnesses at trial. The defendant is entitled to conduct discovery, include depositions, in an orderly fashion rather than on the eve of trial. Any CT Page 904 supplementation of Dr. Collins' response to these questions must be filed in proper form by May 1, 2003.
2. Response by Reference to Deposition Transcript
Anthem complains that Dr. Collins has responded to Interrogatories 13-15 by stating "see deposition testimony of Edward Collins dated January 8, 2001." In the plaintiffs' brief in opposition to the motion, Dr. Collins states that the defendants are free to resume his deposition. In fact, a party is not required to choose between conducting a deposition and posing interrogatories. Dr. Collins has not provided an adequate response to the interrogatories at issue. He shall provide answers no later that May 1, 2003.
3. Response "Unable to Answer at This Time"
Dr. Collins has responded to interrogatories 10 and 12 by stating "unable to answer at this time." Anthem complains that this statement is unresponsive; Dr. Collins counters that he cannot answer what he does not know. While a party may deny knowledge of a subject into which an opponent inquires, encountering the risk that lack of facts to support a claim will lead to the defeat of the claim, Dr. Gray has phrased his answer in a manner that suggests that he may acquire and reveal facts at some other time.
While Dr. Collins cannot be compelled to provide information he has sworn that he does not have, he may not ambush his opponent by acquiring the information at a later time and including that information in his own testimony. Accordingly, the court orders that any supplementation of the response shall be made not later than May 1, 2003.
4. Response by Reference to Twenty-Five Exhibits
Anthem complains that Dr. Collins has responded to Interrogatories 1-7
(a), (c) — (d), 8-9 (a), (c) — (d), 11(a), (c) — (d); 16(a), (c) — (d); 17(a), (c) — (f) 18-19 (a), (c) — (d), 21(a), (c) — (d), 22-26; Request for Production 1-9, 11, 14, 17-18, and 21-24 by stating only "See documents identified as Defendant's Exhibits 39-63 in the deposition of Edward Collins, M.D. that took place on December 12, 2000."
While a response may take the form of a reference to a document, the specific portions of the document where the information sought actually appears must be identified with particularity. The court finds that responses to interrogatories that refer to a multitude of documents the contents of which are not confined to the single topic of the CT Page 905 interrogatory are unresponsive.
The defendant has failed to explain why a request for production of documents is not sufficiently answered by referring it to numbered exhibits already used at a deposition. The court finds that the defendant has not proven noncompliance as to this item.
The plaintiff is ordered to provide a specific narrative response setting forth the information sought in the interrogatories listed above no later than May 1, 2003.
In his brief in opposition to the motion to compel, Dr. Collins purports to disclose additional documents marked as exhibits at his deposition . . . He must instead supplement his answer under oath in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules. 4. Lack of Response to Certain Interrogatories
Anthem complains that Dr. Collins has simply failed to provide any response at all to Interrogatories 9(e), 11(e), 18(e) and 21(e). Pursuant to P.B. § 13-7, a party to whom interrogatories are directed and who files no timely objection to those interrogatories, must respond under oath to each interrogatory. In his brief in opposition to the motion to compel, Dr. Collins states "Plaintiff cannot answer what he does not know."
If a party simply has no personal knowledge on a particular topic, he may answer that he does not know, but he must in fact furnish this response under oath, as is required by P.B. § 13-7(a).
This plaintiff shall, no later than May 13, 2003, file a signed response under oath to these four interrogatories.
6. Responses that documents are "Not Applicable"
Anthem complains that Dr. Collins has responded to requests for production 10, 12, 13, 15, 16 and 20 with "N/A," which Dr. Collins confirms in his brief in opposition to the motion to compel is meant to convey the phrase "not applicable. If Dr. Collins means by "not applicable" that he does not make the claim to which each of these requests for production is directed, he must say so unambiguously. If he means that he does not have any such documents, he must say that unambiguously. His present answers are ambiguous and unresponsive. Dr. Collins shall provide clear responses and produce any responsive documents in his possession, custody or control no later than May 13, CT Page 906 2003, and he shall do so under oath in the form required by P.B. §§ 13-7
and 13-10.
7. Failure to Provide all Responsive Documents
Anthem complains that Dr. Collins has responded to interrogatories 1(c), 4-7 (c), 9(c), 10(c) and requests for production 1-4, 8 and 14, which relate to the plaintiffs' claim that Anthem did not make timely and appropriate payments for the services plaintiff rendered and his claim that Anthem failed to maintain adequate records concerning payments, by producing some documents but not all of the documents that Anthem surmises he possesses with regard to these claims.
Anthem has not identified any documents that it knows are in this plaintiffs possession, custody or control that he has failed to produce. If in fact Dr. Collins has withheld responsive documents, he faces the probable outcome that he will be unable to present such documents in evidence at trial. This court does not, however, have any basis for concluding that this plaintiff has withheld responsive documents.
This plaintiff has purported to provide additional responses in the brief in opposition to the motion. Such informal supplementation does not comply with the requirements of the Practice Book, which requires compliance to be made in the manner set forth in P.B. §§ 13-7 and 13-10.
Conclusion
The court finds that Dr. Collins has failed to comply with Anthem's discovery in the respects identified above and grants the motion to the extent set forth above. Compliance shall be made no later than May 1, 2003.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 907